IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR GADSDEN COUNTY, FLORIDA

**JEFFREY GHENT,**

    **Plaintiff,**

v.                                    **CASE NO. 19001060CAA**

**TRUCKER'S USA ENTERPRISES, INC.,**

    **Defendant.**
_____/

## NOTICE OF FILING PETITION FOR REMOVAL

PLEASE TAKE NOTICE, that on December 13, 2019 Defendant TRUCKER'S USA ENTERPRISES, INC., filed a Petition for Removal in the District Court for the Northern District of Florida, Tallahassee Division, a copy of which is attached as Exhibit "A."

PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. § 1446(d), this Court may not proceed further with this case because the removal to federal court was effective upon the filing of the Petition for Removal together with this Notice.

Respectfully submitted December 13, 2019.

                                              /s/ Jeff Champ
                                              **Robert E. Larkin, III**
                                              Florida Bar No. 0160814
                                              rlarkin@anblaw.com
                                              **Jeff Champ**
                                              Florida Bar No. 1003419
                                              jchamp@anblaw.com
                                              **Allen, Norton & Blue, P.A.**
                                              906 North Monroe Street
                                              Tallahassee, Florida 32303
                                              Tel: (850) 561-3503
                                              Fax: (850) 561-0332

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 13th day of December 2019, the foregoing was electronically filed via the Court's e-filing system, which will automatically send an electronic copy to all counsel of record.

/s/ Jeff Champ
Attorney

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JEFFREY GHENT,

        Plaintiff,        Case No.

v.

TRUCKER'S USA ENTERPRISES,
INC.,

        Defendant.
_____/

## **DEFENDANT'S PETITION FOR REMOVAL**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF FLORIDA, TALLAHASSEE DIVISION.

**COMES NOW**, Defendant, TRUCKER'S USA ENTERPRISES, INC. ("Trucker's" or "Defendant"), by and through their undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and hereby petitions this Court to assume jurisdiction over Case No. 19001060CAA, filed in the Circuit Court of the Second Judicial Circuit, in and for Gadsden County, Florida. In support thereof, Defendant states as follows:

1. On November 14, 2019, Plaintiff served on Defendant a Complaint alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("FLSA").

**EXHIBIT A**

2. Plaintiff's Complaint alleges violations of federal law and, accordingly, this Court has jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1331.

3. Defendant attaches to this Petition a copy of the pleadings and process served on it in Case No. 19001060CAA, as well as all State Court filings, in accordance with Local Rule 7.2(a).

4. Pursuant to 28 U.S.C. § 1446(d) and the Local Rules of this Court, a true and complete copy of this Petition for Removal has been submitted for filing with the Clerk of the Circuit Court of the Second Judicial Circuit, in and for Gadsden County, Florida.

5. Defendant will file its responsive pleading to Plaintiff's Complaint within seven (7) days from filing of the Notice of Removal. *See* Fed. R. Civ. P. 81(c)(2)(C).

WHEREFORE, Defendant prays that this petition be deemed good and sufficient, and that this cause be removed from the Second Judicial Circuit, in and for Gadsden County, Florida, to this United States District Court for the Northern District of Florida, Tallahassee Division, enjoining prosecution by Plaintiff in state court proceedings, and further directing that the state action shall proceed no further unless and until further order of remand is forthcoming from this Court.

Respectfully submitted December 13, 2019.

/s/ Jeff Champ
**Robert E. Larkin, III**
Florida Bar No. 0160814
rlarkin@anblaw.com
**Jeff Champ**
Florida Bar No. 1003419
jchamp@anblaw.com
**Allen, Norton & Blue, P.A.**
906 North Monroe Street
Tallahassee, Florida 32303
Tel: (850) 561-3503
Fax: (850) 561-0332

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 13th day of December 2019, the foregoing was electronically filed via the Court's e-filing system, which will automatically send an electronic copy to all counsel of record.

/s/ Jeff Champ
Attorney

3

Filing # 97550952 E-Filed 10/18/2019 07:24:15 PM

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR GADSDEN COUNTY, FLORIDA

JEFFREY GHENT,

CASE NO.: 19 0010 60 CAA
FLA BAR NO.: 0739685

    Plaintiff,

v.

TRUCKER'S USA ENTERPRISES, INC.,      **SUMMONS**

    Defendant.

_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

    **TRUCKER'S USA ENTERPRISES, INC.**
    **C/O SCOTT D. ROBINSON – REGISTERED AGENT**
    **5866 CHEROKEE RD.**
    **MILTON, FL 32570**

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on October 21, 2019.

                                                             **NICHOLAS THOMAS**
                                                              CLERK OF THE CIRCUIT COURT

                                                              By: _____

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR GADSDEN COUNTY, FLORIDA

**JEFFREY GHENT,**

CASE NO.: 19-CA-
FLA BAR NO.: 0739685

    **Plaintiff,**

v.

**TRUCKER'S USA ENTERPRISES, INC.,**

    **Defendant.**

_____/

## COMPLAINT

Plaintiff, JEFFREY GHENT, hereby sues Defendant, TRUCKER'S USA ENTERPRISES, INC., and alleges:

### NATURE OF THE ACTION

1. This is an action brought under the Fair Labor Standards Act ("FLSA") codified at 29 U.S.C. §201, *et seq.*

2. This action involves claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, JEFFREY GHENT, has been a resident of the State of Florida and was employed by Defendant.

4. At all times pertinent hereto, Defendant, TRUCKER'S USA ENTERPRISES, INC., has been a private not for profit organization that has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer under the relevant law, specifically 29 U.S.C. §203(g).

5.      Defendant maintained an office within the jurisdiction of this Court for all operations. At all times pertinent hereto, Defendant owned and operated the corporation that is a Defendant in this action. Defendant purports to offer, among other things, hauling between Florida and Georgia. During Plaintiff's employment with Defendant, Defendant was engaged in interstate commerce, and/or was employed in an enterprise engaged in interstate commerce or in the production of goods for interstate commerce operated by the Defendant within the meaning of 29 U.S.C. §203(s)(1)(A).

## CONDITIONS PRECEDENT

6.      Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF THE ULTIMATE FACTS

7.      Plaintiff began his employment with Defendant on or around February 11, 2011 as a Diesel Mechanic and held the position of Branch Manager for Defendant's Tallahassee, FL and Albany, GA locations at the time of his unlawful termination.

8.      Prior to being employed with Defendant, Plaintiff received several certifications due to his work with Waste Management in St. Lucie County.

9.      Plaintiff has worked dutifully and displayed exemplary service throughout his tenure with Defendant, helping build both the Tallahassee and Albany locations up to higher incomes.

10.     During his employment with Defendant, Plaintiff was required to work an average of sixty–seventy (60-70) hours a week for which Plaintiff has not been adequately compensated.

11. Defendant failed to compensate Plaintiff at the overtime rate of time and a half required by law for every compensable hour worked over 40 in a week. Plaintiff reported this and complained about not being paid at the proper rate and not being paid overtime.

12. As a result of Defendant's failure to adequately compensate Plaintiff, Plaintiff like many of Defendants employees, found it necessary to perform work on the side.

13. Plaintiff made Defendant aware of this outside work through its employee Skip Stevens. After reporting the outside work, Stevens did not tell Plaintiff he was not allowed to do so. It is common practice for Defendant's employees to perform side jobs or have a side business in order to make ends meet.

14. By way of example, employees Zachary Bell and George Jones own and operate a side businesses, which were started during their employment with Defendant and which Defendant's employee's Skip Stevens and Keith Tice have direct knowledge of. Neither Mr. Bell nor Mr. Jones have received any form of discipline.

15. However, on April 15, 2019, Defendant's employee Scott Robinson arrived with an officer and terminated Plaintiff on contrived charges of being in violation of a non-compete agreement.

16. On April 22, 2019, Defendant's employees Keith Tice and Kevin Tice signed affidavits stating they perform work very similar to that of Plaintiff outside of the job. Defendant has not terminated either Tice employee.

17. Defendant terminated Plaintiff on these contrived charges for reporting not being paid for overtime.

3

18. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

19. Paragraphs 1 through 19 above are re-alleged and incorporated herein by reference.

20. This is an action against Defendant under 29 U.S.C. §201 et seq.

21. At all pertinent times, Plaintiff was an employee of Defendant.

22. As set forth in part above, Defendant failed to pay Plaintiff at least the required federal minimum wage rate for every compensable hour of labor performed, in violation of the FLSA and fired him in retaliation for reporting unpaid overtime.

23. Further, and also as set forth in part above, Defendant failed to pay Plaintiff at the required rate of one and one-half times a rate greater than or equal to minimum wage for every compensable hour of labor performed beyond 40 in each week in which Plaintiff worked in excess of 40 compensable hours.

24. The violations set forth in this count resulted, in whole or in part, from Defendant's failure to credit and pay Plaintiff for all compensable time worked. Defendant's violations were willful, intentional, and systemic.

25. As a result of Defendant's violations of the FLSA set forth herein, Plaintiff is entitled to recover the amount of unpaid wages, both at a regular wage no less than minimum wage and for hours in excess of 40 at a rate of one and one-half times that wage, and an equal amount as liquidated damages. Over and above such sums, Plaintiff is entitled to a

compensatory award for damages suffered, including lost benefits and other tangible damages. These losses have occurred in the past, are occurring at present and are certain to occur into the future. Plaintiff is also entitled to costs and attorney's fees under the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

(g) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 18th day of October 2019.

5

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32303
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
marlene@mattoxlaw.com
michelle@mattoxlaw.com

ATTORNEYS FOR PLAINTIFF

# STATE COURT PLEADINGS

Filing # 99718663 E-Filed 12/03/2019 02:45:47 PM

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR GADSDEN COUNTY, FLORIDA

**JEFFREY GHENT,**

    **Plaintiff,**

v.                                    **CASE NO. 19001060CAA**

**TRUCKER'S USA ENTERPRISES, INC.,**

    **Defendant.**

_____/

## NOTICE OF APPEARANCE

PLEASE TAKE NOTICE, that the undersigned attorneys hereby appear as counsel for Defendant TRUCKER'S USA ENTERPRISES, INC., in the above-captioned matter. Please direct a copy of all future documents, pleadings or correspondence to the address indicated below.

Respectfully submitted this 3rd day of December 2019.

                                                        /s/ Jeff Champ
                                                        **Robert E. Larkin, III**
                                                        Florida Bar No. 0160814
                                                        rlarkin@anblaw.com
                                                         **Jeff Champ**
                                                         Florida Bar No. 1003419
                                                        jchamp@anblaw.com
                                                         **Allen, Norton & Blue, P.A.**
                                                         906 North Monroe Street
                                                         Tallahassee, Florida 32303
                                                        Tel: (850) 561-3503
                                                        Fax: (850) 561-0332

                                                        *Counsel for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 3rd day of December 2019, the foregoing was electronically filed via the Court's e-filing system, which will automatically send an electronic copy to all counsel of record.

/s/ Jeff Champ
Attorney

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT IN AND
FOR GADSDEN COUNTY, FLORIDA

JEFFREY GHENT,

    Plaintiff,

v.                                        CASE NO. 19001060CAA

TRUCKER'S USA ENTERPRISES, INC.,

    Defendant.

_____/

## MOTION FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant TRUCKER'S USA ENTERPRISES, INC. ("Trucker's"), by and through undersigned counsel, and hereby moves for a fourteen (14) day extension of time to answer or otherwise respond to Plaintiff's Complaint in the above-referenced action. In support thereof, Defendant states as follows:

1. Pursuant to Florida Rule of Civil Procedure 1.140(a), Defendant has until tomorrow, December 4, 2019, to answer or otherwise respond to Plaintiff's Complaint.

2. The undersigned has recently been retained as counsel for Defendant and, due to the press of business, seeks additional time to investigate Plaintiff's claims prior to filing a responsive pleading under rule 1.140(a) or (b).

3. Accordingly, Defendant requests the court grant it a fourteen (14) day extension of time to answer or otherwise respond to Plaintiff's Complaint, or until December 18, 2019.

4. The relief requested in this motion is not made for purposes of delay and will not prejudice any party to this action.

5.  The undersigned attempted to confer with Plaintiff's counsel regarding the relief requested but was ultimately unable to determine the Plaintiff's position prior to filing.

WHEREFORE, Defendant requests the Court grant a fourteen (14) day extension of time to answer or otherwise respond to Plaintiff's Complaint, or until December 18, 2019.

Respectfully submitted this 3rd day of December 2019.

/s/ Jeff Champ
**Robert E. Larkin, III**
Florida Bar No. 0160814
rlarkin@anblaw.com
**Jeff Champ**
Florida Bar No. 1003419
jchamp@anblaw.com
**Allen, Norton & Blue, P.A.**
906 North Monroe Street
Tallahassee, Florida 32303
Tel: (850) 561-3503
Fax: (850) 561-0332

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 3rd day of December 2019, the foregoing was electronically filed via the Court's e-filing system, which will automatically send an electronic copy to all counsel of record.

/s/ Jeff Champ
Attorney

2